## 11226.   WARD *v.* CANTRELL.

Where in defense to the payee's suit on promissory notes the maker testified that when one of the notes became due, a certain bank holding them as collateral security sued out, as transferee, an attachment against him which was levied on certain restaurant fixtures in his

possession for which the notes had been given, and he surrendered
the fixtures to the bank upon its agreement to turn over the notes
to him, which it failed to do, and where the plaintiff testified in
rebuttal that he had never authorized the bank to sue upon the notes,
and that his own note, for which the notes sued on were held as col-
lateral, was paid by him and the notes sued on were returned to him
by the bank before his note became due, and that nothing was ever
paid him on the notes sued on, a verdict for the plaintiff was authorized.
If the defendant was defrauded by the bank, his remedy was against it
and not against the plaintiff.

DECIDED APRIL 13, 1920.

Complaint; from city court of Carrollton — Judge Beall.  De-
cember 5, 1919.

*Emmett Smith,* for plaintiff in error.  *Smith & Smith,* contra.

BROYLES, C. J.    The record makes the following case:  J. M.
Cantrell brought suit against W. E. Ward on two promissory
notes, dated October, 1916, for $60 and $90 respectively.  The
note for $60 was due November 15, 1916, and the note for $90
was due December 15, 1916, and both notes bore interest at the
rate of 8 per cent. per annum.  The plaintiff introduced the notes
sued on and rested.  The defendant testified, that the notes sued
on were given for certain restaurant fixtures, which at the time of
the purchase and the making of the notes were in a storehouse
on the south side of Newnan street in Carrollton, Georgia; that
in the latter part of November, 1916, these fixtures, which were
the consideration of the notes sued on, were levied on by virtue
of an attachment returnable to the March term, 1917, of the city
court of Carrollton, which was sued out by the First National
Bank of Carrollton, Ga., as transferee, in the sum of $150, against
Ward, the defendant; that the notes had been put up as collat-
eral by the plaintiff with the First National Bank to secure a note
due by him (the plaintiff) to the bank; that the affidavit upon
which the attachment was based was made by J. O. Newell, and
recited that the amount was due " for the purchase-money of one
stock of goods with all fixtures, furniture, and stove, and all kinds
of goods now located in the storeroom on the south side of New-
nan street, Carrollton, Ga., where said Ward is now doing busi-
ness; " that at the time the attachment was levied only one of
the notes was due; that a short time thereafter J. O. Newell, at-
torney of record for the First National Bank, came down to the
defendant's place of business and stated to him that if he would

not contest the attachment and would turn over to the bank the fixtures, the bank would cancel the debt represented by the notes, and would turn over the notes to the defendant; that the defendant agreed to this proposition and did not turn over all the fixtures, and that the defendant immediately closed up his place of business and moved back to the country, some twelve miles from Carrollton; that the defendant does not know what became of the said fixtures; that Newell had the notes sued on in this case upon the day he made the proposition, and that defendant never did get back his notes. The original attachment sued out by the bank was then admitted in evidence. Upon this attachment were the following entries: "Pd. on within January 11, 1917, $13.96." "Bal. from sale of property." "All J. P. cost paid out of sale." The plaintiff testified as follows, in rebuttal: "I turned over the notes sued on in this case to the First National Bank as collateral for a note I was due the bank. The day the note became due that I owed the bank I paid it off, and got these notes I am suing on, before my note to the bank was due. I never at any time authorized the First National Bank, J. O. Newell, nor any one else to sue on these notes. I have never been paid anything on these notes." All of the above evidence was undisputed. The jury returned a verdict for the plaintiff for the full amount of the notes sued on, with interest and costs of suit.

We think, under the above-stated circumstances, the verdict was authorized. If the defendant has been defrauded in this case his remedy is against the bank, and not against the plaintiff.

The amendment to the motion for a new trial shows no cause why the judgment below should be reversed.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*